STATE EX REL. HOFFMAN, PLAINTIFF, *v.* DAVIDSON, DEFENDANT.

[No. 1621.]

[Submitted October 22, 1900.   Decided October 22, 1900.]

*Elections—Bi-ennial Registration of Voters.*

Under Laws of 1899, page 54, bi-ennial registration of voters is necessary only in registration districts included wholly within an incorporated town or city containing at the last preceding state election more than 1000 registered voters; and it is immaterial whether or not any such registration district itself contained at the preceding state election over 1000 registered voters.

APPLICATION by the state of Montana, on the relation of Charles W. Hoffman, for a peremptory writ of *mandamus* against A. E. Davidson, as registry agent of election district No. 13, in Gallatin county, requiring said defendant, as such registry agent, to register the plaintiff.   Application denied and proceeding dismissed.

*Messrs. Hollowway & Hoffman, Mr. N. W. McConnell* and *Mr. J. B. Clayberg,* for Relator.

*Mr. C. B. Nolan, Attorney General,* and *Mr. A. I. Loeb,* for Defendant.

**MR. JUSTICE PIGOTT** delivered the opinion of the Court.

This is an application to the Supreme Court for a peremptory writ of mandate requiring the defendant, as registry agent of election district No. 13 of Gallatin county, Montana, to register the plaintiff, who is a citizen of the United States, residing in South Bozeman precinct, in the election district named and in the city of Bozeman, and otherwise qualified to vote in that district at the general election to be held on the 6th day of November, 1900. It appears from the petition that the plaintiff was duly registered as a qualified voter of said precinct and district in the year 1898, so as to entitle him to vote at the general election held in that year, and that ever since he has been a resident of said precinct and district, and that his registration has not been cancelled. It further appears that Bozeman is an incorporated town or city which did not contain at the election of 1898 one thousand registered voters; that each of the election districts Nos. 12, 13 and 14 in the county of Gallatin includes a portion of the territory embraced within the incorporated limits of Bozeman as well as other territory without such limits; and that at the election of 1898 there were more than one thousand registered voters in the three election districts mentioned. The defendant, who is represented by the attorney general, demurs to the petition for insufficiency.

Bi-ennial registration as a prerequisite to exercising the elective franchise is, by the act designated as "Substitute for Senate Bill No. 6," approved February 17, 1899, and found at page 54 of the Session Laws of 1899, required in those registration districts only which are included in an incorporated town or city containing at the last preceding state election over one thousand registered voters. It is alleged and admitted that the town or city of Bozeman contained at the state election of 1898 less than one thousand registered voters,

and that the plaintiff was registered for the election of that year. It is entirely clear that the plaintiff is not required to register for the year 1900. Whether or not the registration district in which the plaintiff resides contained at the last preceding state election over one thousand registered voters is immaterial, for the town or city in which the registration district is included must have contained at the last state election over one thousand registered voters in order to make necessary a new registration by the plaintiff. The fact that in registration districts Nos. 12, 13 and 14 there were at the last state election more than one thousand registered voters is likewise without relevancy. If a registration district is wholly included within an incorporated town or city containing at the last preceding state election more than one thousand registered voters, bi-ennial registration is necessary to confer upon the residents of such district (being otherwise qualified) the right to vote; but in other districts such registration is required but once in eight years. The meaning and the intent of the statute cited in respect of the question here presented seems plain and hardly susceptible of misinterpretation.

The demurrer is sustained and judgment is ordered to be entered denying the application for a peremptory writ and dismissing the proceeding.

*Dismissed.*